MARIE ANTOINETTE SMITH *v.* AMABLE SÉNÉCAL and another.

No action will lie against a partnership, for money lent to one of the partners in his own name, to be put by him into the partnership as his share of the capital, and to be re-paid to the lender out of his portion of the profits of the business. The right of action exists only against the borrower, and not against the partnership, with which the lender never contracted.

No action can be maintained by a partner against the firm, to withdraw his portion of the capital, before the expiration of the term for which the partnership was to exist.

Partnership funds must be applied to the payment of the partnership debts, in preference to debts due by a partner individually.

APPEAL from the District Court of the First District, *Buchanan,* J.

MORPHY, J. The petitioner seeks to recover of the defendants $10,000 paid to Sénécal on or before the 31st of December, 1836, as a portion of the capital stock that John Cauchois, her son-in-law, was to put into the co-partnership of Sénécal & Cauchois. She alleges that the firm engaged to refund to her this amount, by yearly instalments of one thousand dollars. That they have not only paid no part of the said sum according to contract, but that, for the purpose of defrauding her of the ten thousand dollars, Sénécal & Cauchois have sold out the largest portion of their goods and merchandize, and are selling off the rest, and are about leaving the State, with the fraudulent view of depriving her of all recourse against their property and persons, before she can obtain and execute a judgment against them in the ordinary course of judicial proceedings. The petition concludes with a prayer for a writ of attachment against the property of the firm, and an order of arrest against Sénécal, the only partner residing here. The answer pleads the general issue, and avers that Michel Musson who signed the articles of co-partnership, as attorney in fact for J. Cauchois, then in France, was without authority to insert in it the

clause by which one thousand dollars are to be paid each year to the plaintiff, and that, as soon as J. Cauchois was apprized of the said clause in the act of partnership, he wrote to Sénécal that he would not ratify it. The answer denies that the defendants ever intended to defraud the plaintiff, and avers that they were selling out in the usual way of their business where European goods have long been in store. It concludes with a reconventional demand for the sum of $25,000 as damages, for the injury done to the defendants by the calumnies set forth in the petition, and the wrongful suing out of an attachment which has rendered it impossible for them to meet their engagements and transact their business. The case was submitted to a jury on the main action only, the court below having, on motion, ordered the reconventional demand to be stricken out of the answer, as irregular, illegal, and premature.

There was a verdict and judgment below for the defendants, from which the plaintiff has appealed.

The co-partnership between Sénécal & Cauchois, to form which the plaintiff agreed to advance, and did advance the sum of $10,000 for Cauchois, her son-in-law, was to begin on the 1st of May, 1836, and to expire on the 1st of October, 1839. The articles of co-partnership are signed only by Sénécal, and Musson as attorney in fact of Cauchois ; and the clause upon which the plaintiff rests her claim for reimbursement against the firm, is in the following words, to wit :

" A. Sénécal et John Cauchois percevront chacun annuellement une *allowance* de seize cents piastres pour leur entretien particulier. Sur sa portion John Cauchois s'engage à appliquer une somme de mille piastres par an à l'extinction de la dette de dix mille piastres, sans intérêts, qu'il a contractée envers sa belle mère, Madame Vve, Ml. Smith, et à cette fin au lieu de toucher les dites mille piastres, le versement en sera fait par la société entre les mains de Monsieur Michel Musson aux époques convenues contre son reçu, pour compte de Madame Vve, Ml. Smith, dont il est l'agent en cette ville."

*Canon*, for the appellant.

*A. Hennen*, for the defendants. The plaintiff loaned her son-in-law, Cauchois, one of the defendants, $10,000, to be placed in the commercial co-partnership of Sénécal & Cauchois, which sum

was to be refunded, without interest, in ten annual payments to be deducted out of the amount to be withdrawn by Cauchois, for his private expenses, from the co-partnership, which was to expire at the end of three years; consequently, the last seven payments were to be made after its expiration. The plaintiff has sued for the whole amount of the loan made to Cauchois, claiming payment out of the partnership funds. She has mistaken her action. The loan was made to *Cauchois only*, and not to the co-partnership of Sénécal & Cauchois. To Cauchois only can she look for repayment. The Emperors, Diocletian and Maximian, state succinctly the true principles on which the case should be decided : " Eum, cui mutuam dedisti pecuniam, ad solutionem urgere competente debes actione. Nam adversus negotiatores, quos ex mercibus pecunias abstulisse tuo debitore proponis, nullam habes actionem. Code, lib. 4, tit. 10, l. 13. The comment of Godfrey, is equally clear (No. 35) : " Negotiatores, id est, mercatores, ad quos pecunia propter mercimonia pervenit." The same emperors again state the same principle : " Non adversus te creditores, qui mutuam sumsisti pecuniam, sed ejus, cui hanc credideras, heredes experiri, contra juris formam evidenter postulas." Code, lib. 4, tit. 34, l. 8. Modestinus coincides with them. Dig., lib. 12, tit. 8, l. 49. " His solis pecunia condicitur, quibus quoque modo soluta est, non quibus proficit." These fundamental principles of natural justice are fully recognized by modern nations. See Story on Partnership, p. 211, secs. 134, 135. Pothier, Contrat de Société, Nos. 101, 105, 106.

Again, Sénécal, the co-partner of Cauchois, who borrowed the money from the plaintiff, his mother-in-law, to put it into the co-partnership of Sénécal & Cauchois, has the right to insist on the application of the co-partnership funds, to pay the debts of the co-partnership, in preference to all debts due by Cauchois. The plaintiff, therefore, has no right of action, until after a liquidation and settlement of the partnership debts. She can have no greater right, than if she had obtained judgment separately against Cauchois, (which was her only course,) and was now endeavoring to enforce her judgment on his interest in the partnership effects. 1 Story's Equity Jurisprudence, 625, secs. 675, 677. Story on

Smith v. Sénécal and another.

Partnership, 135, sec. 97.  Ib. 470, sec. 326.  3 Kent's Commentaries, 59.

Morphy, J.  In the clause on which the plaintiff rests her claim for reimbursement against the firm, even taking for granted the right of Cauchois' agent to make it, we cannot see any engagement on the part of the firm to become indebted for, or to repay to the plaintiff, the capital advanced by her to her son-in-law, and by him put into the partnership.  If, in virtue of this clause, the petitioner, under proper pleadings, had claimed the one thousand dollars a year, which were to be retained by the firm and paid over to her, out of the allowance of $1600 made to Cauchois for his private expenses during the existence of the partnership, she might and probably would have recovered.  The partnership would have had to pay the money to her, not as a reimbursement or restitution of the capital paid in by Cauchois, but as a part of the sum which the latter had the right to draw for his expenses each year, and which, by agreement, was to be paid to her.  But, in this suit, the petitioner claims of the defendants the very capital which she has advanced to Cauchois to form the partnership.  This she has clearly no right to do ; she lent her money to Cauchois, not to the partnership.  It is, therefore, against Cauchois that her right of action exists, and not against the firm, with whom she never contracted.  Story on Partnership, p. 211, § 134, 135.  Pothier, No. 101, 105, 106.  But there is another view of this subject equally fatal to the plaintiff's pretensions.  Her suit is, in substance, to withdraw Cauchois' share or portion of the capital of the partnership, before the time for which it was contracted has expired, for this action was brought on the 20th of November, 1838.  This Cauchois himself could not do, nor can the plaintiff.  10 Mart. 433.  7 Ib. N. S. 284.  8 Ib. N. S. 281.  Sénécal has clearly the right to insist on the application of the partnership funds to the payment of the partnership debts, in preference to all debts due by Cauchois individually.  The plaintiff's only remedy was to sue Cauchois, against whom alone she has a right of action, and to attach such balance as might be coming to him upon a final settlement of the partnership.  Civ. Code, art. 2794.  Story on Partnership, p. 135, § 971.

*Judgment affirmed.*