### No. 3741.—James M. Wells *v.* Simon Siess.

In this case the plaintiff gave to his two sons a certain amount of money, which was placed in the commercial firm as the money which they had bound themselves to put into the house, for which a note of the firm was given. The plaintiff now seeks to hold the defendant, a member of the firm, liable as a commercial partner, *in solido,* for the note.

Held—That the money for which the note was given being placed in the firm by the plaintiff, as capital which was to be paid in by his two sons, payment of the note could not be enforced against the other member of the firm, the defendant in this case, as an obligation *in solido.*

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Miller,* J. *E. North Cullom,* for plaintiff and appellee. *Waddill, Barbin & Taylor,* for defendant and appellant.

Howe, J. This is an action on a promissory note executed in the name of Wells Bros. & Co., July 29, 1864, to the order of plaintiff, the defendant being sued as a member of the commercial firm. There was judgment for plaintiff, and the defendant appealed.

The firm of Wells Bros. & Co. was composed of Thomas M. Wells,

Levi Wells, and Simon Siess the defendant.  By the articles of copartnership of July 29, 1864, the Wells were to furnish $30,000 of capital, the defendant his personal services only.

The plaintiff sketched the articles, and was familiar with the objects and intentions of the partners, two of whom were his sons.  The note in suit bears even date with the articles of partnership, and was signed by Levi Wells for the firm.  It never appeared on the books of the firm.

Levi Wells, a witness for plaintiff, testifies that he signed it on the day it was dated, when a check for its amount was given by plaintiff and that it (the note) was given for a part of the capital agreed to be furnished to the firm by his brother and himself.  The plaintiff himself says : "The money loaned by witness to the firm was advanced in order to carry out the obligation of the contract of partnership of July 29, 1864."  The defendant declares that he never heard of the note in suit until he was cited in this action.

The whole evidence forces us to the conclusion that the plaintiff advanced the amount of the note to his two sons to enable them to comply with their agreement to pay in a certain amount of capital to the firm ; that though the amount eventually went to the use of the firm it went as a contribution from the two partners, and not directly as a loan from plaintiff, and that the defendant can not be held liable. Parsons on Mercantile Law, p. 179, and cases cited; Smith *v.* Senecal, 2 Rob. 453.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant with costs in both courts.